**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CIVIL ACTION NO.: 5:25-cv-350**

| | | |
|---|---|---|
| Alisa Black, | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | *(Jury Trial Demanded)* |
| | ) | |
| Michael David Waters, in his individual and | ) | |
| official capacity, as the District Attorney | ) | |
| of the Eleventh Prosecutorial District of | ) | |
| North Carolina. | ) | |
| *Defendant.* | ) | |

NOW COMES Plaintiff, Alisa Black, by and through the undersigned counsel, submitting her Amended Complaint against the Defendant as follows:

**NATURE OF THE AMENDED COMPLAINT**

1.      This action is brought by a black female, who seeks compensation from the Defendant for maintaining a policy, practice, custom or usage of discriminating and retaliating against Plaintiff for exercising her rights under Title VII of the Civil Rights Act of 1964, and as amended in 1991, the First Amendment of the United States Constitution, Freedom of Speech Clause, and 42 U.S.C. § 1983 with respect to compensation, terms, conditions, promotions, and privileges of employment in ways which deprive Plaintiff of equal employment opportunities and otherwise adversely affect Plaintiff's status as an employee. In addition, the Plaintiff seeks declaratory and permanent injunctive relief from the Defendant, in his official capacity, based upon ongoing and continuing violations of federal law, and seeks relief properly characterized as prospective.

## JURISDICTION AND VENUE

2.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 1367 and 1391. This action is authorized and instituted pursuant to Title VII, 42 U.S.C. § 2000e et seq, and 42 U.S.C. § 1983.

3.      Venue is proper in this District since the claims arose in Granville, Person and Vance Counties in the Western Division of the Eastern District of North Carolina.

4.      The Plaintiff contends that the constitutional and statutory violations alleged herein arose from the Defendant's official policy or custom of engaging in, condoning or failing to address issues of discrimination and retaliation within its workplace.

## ADMINISTRATIVE PROCEDURES

5.      On or about May 6, 2024 and more than thirty (30) days prior to the institution of this lawsuit, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII against the Defendant Waters, who was named in the Charge of Discrimination as her employer. Further, the Plaintiff also identified the State of North Carolina, the North Carolina Administrative Office of the Courts and the North Carolina Judicial Branch as her employers since they are engaged in areas and aspects related to her employment. (See Exh. 1-EEOC Charge of Discrimination).

6.      The above-given filing date was within one hundred eighty (180) days of the conduct giving rise to this action. The basis of the aforementioned charge was race discrimination and retaliation.

7.      Defendant Waters was aware of the aforementioned Charge of Discrimination. Defendant Waters filed, and signed, a Respondent's Position Statement in response to the Plaintiff's Charge of Discrimination on July 12, 2024. (See Exh. 2-Waters' EEOC Position Statement).

2

8.      On or about March 21, 2025, the EEOC mailed the Plaintiff a Dismissal and Notice of

Right to Sue. Thereafter, the Plaintiff's representative *received* a copy of the notice on or about

March 24, 2025.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

**PARTIES**

10.     Alisa Black is an African American female and self-identifies as Black. At all relevant

times, Ms. Black resided in Person County, North Carolina.

11.     Based upon information and belief, the Defendant, a Caucasian male, is a resident of

Granville County, North Carolina.

12.     At all times alleged herein, the Plaintiff worked as an employee of the North Carolina

Judicial Branch and as an employee of Defendant Waters.

13.     The North Carolina Judicial Branch maintains an equal employment opportunity policy

to create a diverse work environment free of bias and employment barriers. Its policy prohibits

discrimination based on race and retaliation, among other characteristics.

14.     At all times alleged herein, the Plaintiff worked under the immediate supervision and

authority of the Defendant as an Assistant District Attorney ("ADA") for the 11th Prosecutorial

District of North Carolina.

15.     At all times alleged herein, the Defendant was the elected District Attorney ("DA") for

the 11th Prosecutorial District of North Carolina. In addition, as an elected official, the

Defendant is a constitutional officer of North Carolina.

16.     As the DA for the 11th Prosecutorial District of North Carolina, the Defendant's primary

responsibilities are to prosecute all criminal cases filed in the District and Superior Courts,

3

represent the State of North Carolina in juvenile proceedings, prepare the criminal trial docket and advise the local law enforcement.

17.     The Defendant is responsible for setting the salaries of the ADAs within his prosecutorial district based upon the allotment provided by the North Carolina General Assembly for each fiscal year.

18.     The Defendant maintains leadership positions within his office, which includes chief ADAs and team leads, who work in highly intimate and sensitive positions of responsibility on his personal staff.

19.     Based upon information and belief, members within the Defendant's leadership team worked on his political campaign; however, the Plaintiff did not work on the Defendant's political campaign.

20.     The Plaintiff was not chosen by the Defendant to be on his personal staff, nor was she an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office of District Attorney.

21.     At all times alleged herein, the Plaintiff reported directly to the Defendant, and the Defendant maintained complete control over all aspects of the Plaintiff's employment, including non-legislative awarded compensation, work assignments, work locations and work schedules.

**FACTS**

22.     The Plaintiff is a graduate of the University of the North Carolina at Chapel Hill School of Law. She is an attorney licensed in the state of North Carolina since 1999.

23.     The Plaintiff has worked as an ADA in the 11th Prosecutorial District of North Carolina, which includes Person, Granville, Vance, Franklin and Warren Counties, since 2019. The Plaintiff worked as an ADA in the 9th Prosecutorial District of North Carolina between 2014-

4

2019, as an ADA in Caswell County between 2013-2014, as an Administrative District Attorney in Caswell and Person Counties between 2011-2014, and as an attorney in private practice between 1999-2011.

24.     In her capacity as a Superior Court ADA in the 11th Prosecutorial District of North Carolina, the Plaintiff maintained a Juvenile Court caseload in both Person and Granville Counties; as well as maintaining a full case load in Criminal Court. The Plaintiff has been the principal ADA with narcotics, crimes against law enforcement, Class I victim cases and all misdemeanor appeals in Person County. The Plaintiff also maintained an active caseload in District Court. At times during her employment, the Plaintiff was required to travel to every county in the 11th Prosecutorial District to perform her Juvenile Court duties.

25.     Since January 2019, the Defendant has assigned the Plaintiff to work in various locations, including Granville, Warren, Vance, Franklin and Person Counties.

26.     In approximately July 2023, the Plaintiff learned that her non-black colleagues and counterparts (ADAs), who were supervised by the Defendant, had received a pay raise approved by him. Consequently, she requested an explanation from the Defendant regarding why she had not received a raise at the same time her colleagues had. The Defendant did not respond to her request until September 2023, when he indicated that he would approve her for a raise.

27.     In October 2023, the Plaintiff learned that all ADAs were getting a raise in pay based on a legislative decision made by the North Carolina General Assembly. With the raise in pay from the General Assembly and the previous raises received by her non-black colleagues and counterparts, the Plaintiff realized she was receiving significantly less money. This was so even though she had as many years of service, performed substantially similar duties and was working in multiple counties.

28.     In his EEOC Position Statement, Defendant Waters admitted that four (4) ADAs who were supervised by him, with the same job title as the Plaintiff, were paid more base salary than the Plaintiff, who are non-black, including, but not limited to, Charity Wilburn and Jamie Lamancusa.

29.     As a result of learning about the pay disparities, the Plaintiff again asserted to the Defendant via email and verbally that she was concerned about the pay disparities in approximately December, 2023.

30.     In January 2024, the Plaintiff and Defendant had a meeting based upon the issues raised verbally and in her December 2023 email, which the Plaintiff understood was being held to discuss her concerns of discrimination regarding the pay disparities; however, the Defendant turned the meeting into a scathing reprimand. He issued the Plaintiff a four-page letter citing deficiencies in her job performance that had never been raised before, and denied her request for a salary increase that would be comparable to the raises her similarly situated non-black colleagues had received, and that would be commensurate with her years of experience, workload and job responsibilities.

31.     During the January 2024 meeting between the Plaintiff and Defendant, the Defendant gave the Plaintiff a poor job performance evaluation. Prior to that, the Plaintiff had not received a job performance evaluation for the 2022-2023 year even though her white colleagues received their evaluations in March 2023.

32.     In his EEOC Position Statement, Defendant Waters admitted that the Plaintiff did not receive an evaluation in a timely manner, and did not receive her evaluation at the same time her non-black ADA counterparts received their performance evaluations.

6

33. During the January 2024 meeting between the Plaintiff and Defendant, the Defendant informed the Plaintiff that she would not be receiving a salary increase commensurate with her white colleagues and counterparts.

34. The Defendant, as well as the state of North Carolina, had a policy that required all state employees to receive annual job performance evaluations. The Defendant violated that policy by failing to perform and provide the Plaintiff a timely annual job performance evaluation.

35. It is the policy and practice of the office of the District Attorney, as well as the state of North Carolina, that an employee's job performance evaluation is used to determine eligibility for promotions, salary increases and other important job benefits.

36. The Defendant did not have a legitimate business reason for failing to perform and provide the Plaintiff with a timely annual job performance evaluation.

37. The Defendant knew or should have known that a failure to perform the Plaintiff's job evaluation in a timely manner would negatively impact her career. Moreover, the Defendant was aware that a negative job performance evaluation would cause a detrimental impact on the Plaintiff's career advancement opportunities and compensation.

38. The Defendant's failure to perform the Plaintiff's job performance evaluation in a timely manner negatively impacted her career in ways, including but not limited to, reducing her promotional opportunities, lowering her retirement benefits calculations and continuing to subject her to continuing violations of federal law related to racial discrimination and retaliation.

39. Throughout the time the Plaintiff worked under the supervision of the Defendant, in addition to pay disparities, he also treated her differently from other non-black ADAs. For example, the Defendant did the following:

7

a.      spoke to Plaintiff in a rude, offensive manner than was demeaning, disrespectful and intended to embarrass her; and,

b.      allowed individuals not employed by the Defendant to influence work decisions within the DA's office that directly and negatively affected her.

40.      During the Plaintiff's employment, working under the supervision of Defendant Waters, there was no reporting system wherein she could complain about what she believed to be discrimination and retaliation by the Defendant to a higher authority.

41.      The Plaintiff engaged in protected activity as defined in Title VII of the Civil Rights Act when she did the following;

       a.   communicated with the Defendant, her supervisor, about employment discrimination regarding pay disparities;

       b.   asked co-workers about salary information to uncover potentially discriminatory wages; and,

       c.   filed an EEOC charge of discrimination.

42.      After engaging in protected activity, the Defendant engaged in retaliation against the Plaintiff as defined in Title VII of the Civil Rights Act when he did the following:

a.      reprimanded her and gave a performance evaluation that is lower than it should have been;

b.      engaged in unwarranted and increased scrutiny of her job performance;

c.      spread false rumors regarding her job performance;

d.      based upon information and belief, told individuals about the Plaintiff's EEOC charge in an effort to discredit the Plaintiff and to find ways to justify his previous discriminatory acts against the Plaintiff; and,

e.      refused to increase her pay appropriately, and in line with those of her similarly situated white colleagues.

43.      The Plaintiff contends that the aforementioned acts, when combined and in the aggregate, constituted an adverse action under Title VII that would dissuade a reasonable worker from engaging in protected activity.

44.      The Plaintiff contends that there is a causal connection or temporal proximity between her engaging in protected activity and suffering an adverse employment decision, since less than one (1) month transpired between her December 2023 verbal and email communications and the Defendant's January 2024 responsive adverse action, including his refusal to increase her pay appropriately and in line with those of her similarly situated white colleagues.

45.      The Plaintiff contends that she exercised her First Amendment right to speak out about race discrimination on the job, including, but not limited to, when she expressed her salary disparity concerns to the Defendant in July and December 2023.

46.      The Plaintiff's complaints of race discrimination against the Defendant were not merely a personal complaint about discrimination affecting only herself. Rather, the Plaintiff's complaints focused on systemic race discrimination and disparate treatment, including salary and other acts, related to non-black employees versus black employees working within the DA's office under Defendant Waters supervision.

47.      The Plaintiff contends that her speech regarding race discrimination in employment involves a matter of public concern because, among other reasons, it involves a high-ranking public official with the sole ability and authority to implement discriminatory practices within a workforce consisting of numerous state employees who are tasked with upholding the laws of the state of North Carolina. Further, the Defendant has the sole ability and authority to set and

determine the distribution of the salaries of the ADAs within his prosecutorial district based upon the allotment provided by the North Carolina General Assembly for each fiscal year. Further, the state of North Carolina has an interest in how state funds are distributed among state employees.

48. The Plaintiff contends that she suffered adverse consequences for expressing complaints of, and for reporting, discrimination to the Defendant, which is a violation of her First Amendment Rights.

49. As a result of the discriminatory AND retaliatory acts of the Defendant, the Plaintiff suffered pecuniary and non-pecuniary damages, including pay reductions and emotional distress.

50. The Plaintiff is aware that the Defendant engaged in discriminatory acts against the Plaintiff's black colleagues.

51. Based upon information and belief, other black employees working as ADAs under the Defendant's supervision made less money than their white counterparts without justification.

52. Based upon information and belief, the Defendant was aware of the statutory requirements of NCGS §7A-65; however, he violated said statute by enforcing it differently between black ADAs and their white counterparts, with the black ADAs being treated less favorably based on race.

53. Based upon information and belief, the Defendant applied work policies regarding working from home and residential requirements differently based upon race, where black ADAs were treated less favorably than their white counterparts.

54. The Defendant's inherent discriminatory actions were exemplified in almost every manner in which he conducted business based upon his ostensibly condescending attitude toward black employees in general, and his conduct resulted in financial losses to black employees.

10

55.     The Plaintiff is aware that the aforementioned black ADAs were also treated with disrespect and harassed, and were not viewed as credible when situations happened in court between black ADAs and non-black officials, such a state troopers and police officials.

56.     Based upon information and belief, as a result of Defendant Waters' discriminatory actions, some black ADAs resigned and left their positions to work elsewhere.

57.     As described above, the Defendant, who is a state official, violated the Plaintiff's rights and privileges under the Constitution of the United States.  The Defendant's intentional racially discriminatory treatment of the Plaintiff, who is a public employee and the Defendant's subordinate, constitutes race discrimination and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment, and retaliation in violation of the First Amendment.

58.     At the time of the Defendant's violations of the Plaintiff's constitutional rights, he was a person acting under color of state law.

59.     At all times alleged herein, based upon information and belief, the Defendant was aware of the anti-discrimination laws under Title VII of the Civil Rights Acts, 42 USC §1983 and the First Amendment, because during the course of his employment, he had either received training, read, or learned of these laws. Moreover, the Administrative Office of the Courts and the North Carolina Judicial Branch maintain anti-discrimination policies to which the Defendant was subject.

60.     As a direct and proximate result of the Defendant's violations of Plaintiff's constitutional rights, the Plaintiff has suffered compensatory and punitive damages.

61.     As a direct and proximate result of the Defendant's discriminatory and retaliatory actions, the Plaintiff has suffered compensatory and punitive damages.

62.     As a direct and proximate result of the Defendant's discriminatory and retaliatory actions, the Plaintiff continues to suffer ongoing and continuing violations of federal laws.

63.     To the extent the Defendant asserts immunity from civil liability, he has waived such immunity by the act of purchasing liability insurance, and/or participating in a government risk pool.

## COUNT ONE

The Defendant is liable to the Plaintiff, in his official, and/or individual capacity, for race discrimination in violation of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, and as amended in 1991 (42 U.S.C. § 2000e *et seq*.).

## COUNT TWO

The Defendant is liable to the Plaintiff, in his official, and/or individual capacity, for retaliation in violation of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, and as amended in 1991 (42 U.S.C. § 2000e *et seq*.).

## COUNT THREE

The Defendant is liable to the Plaintiff, in his individual, and/or official capacity, for race discrimination in violation of 42 U.S.C. § 1983.

## COUNT FOUR

The Defendant is liable to the Plaintiff, in his individual, and/or official capacity, for retaliation in violation of 42 U.S.C. § 1983.

## COUNT FIVE

The Defendant is liable to the Plaintiff, in his individual, and/or official capacity, for retaliation in violation of the First Amendment, Freedom of Speech Rights.

WHEREFORE, Plaintiff prays the Court that it:

1.     Award Plaintiff compensatory damages for pecuniary losses, physical sickness and personal injuries, emotional pain, and mental anguish, together with attorney's fees and the costs and disbursements of this action;

2.     Award Plaintiff punitive damages;

3.     Award Plaintiff backpay with prejudgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

4.     Award Plaintiff equitable relief, including, but not limited to, an injunction, declaratory judgment, and an order compelling Defendant Waters to cease unconstitutional practices;

5.     Award Plaintiff a permanent injunction prohibiting the Defendant from continuing to engage in the illegal discriminatory and retaliatory conduct as alleged in this Amended Complaint;

6.     Award Plaintiff a declaratory judgment finding that the actions of the Defendant constitute illegal discriminatory and retaliatory conduct as alleged in this Amended Complaint;

7.     Grant Plaintiff a jury trial on all issues of fact, and;

8.     Grant such other relief as may be just and proper.


This the 2nd day of October, 2025.

ANGELA GRAY LAW, P.A.

BY:     /s/Angela Gray
        Angela Newell Gray
        N.C. Bar #21006
        7 Corporate Center Court, Suite B
        Greensboro, NC 27408
        Telephone: (336) 285-8151
        Fax:       (336) 458-9359
        Email:     angela@angelagraylaw.com
        *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:25-cv-350

Alisa Black,                                              )
               *Plaintiff*,                        )
                                               )
                                               )
               vs.                                 )        <u>Certificate of Service</u>
                                               )
                                               )
Michael David Waters, in his individual and )
official capacity, as the District Attorney       )
of the Eleventh Prosecutorial District of         )
North Carolina.                                           )
               *Defendant*.                     )

_____

I, Angela Newell Gray, Attorney for the Plaintiff, do hereby certify that I filed the foregoing

Amended Complaint with the Clerk of Court using the CM/ECF electronic filing service

which will send electronic notification to the following CM/ECF participants: Tamika L.

Henderson; tlhenderson@ncdoj.gov.


This the 2nd day of October, 2025.

ANGELA GRAY LAW, P.A.

BY:   <u>/s/ Angela Gray</u>
       Angela Newell Gray
       7 Corporate Center Court, Suite B
       Greensboro, NC  27408
       Telephone:   (336) 285-8151
       Facsimile:    (336) 458-9359
       Email:       angela@angelagraylaw.com
       *Attorney for Plaintiff*
       NC Bar # 21006