# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:25-CV-350-BO-KS

| | | |
|---|---|---|
| ALISA BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| MICHAEL DAVID WATERS, in his | ) | |
| individual and official capacity, as the | ) | |
| District Attorney of the Eleventh | ) | |
| Prosecutorial District of North Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court for issuance of a Scheduling Order. The court has considered the parties' joint Rule 26(f) Report [DE # 15] and orders the following:

## A.    Initial Disclosures

Initial disclosures required by Rule 26(a)(1) shall be made by **December 1, 2025**. Any party making an appearance after this order has been entered shall be required to confer with the other parties and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within twenty-one (21) days after the party's appearance. Such party shall be bound by the terms of this order unless the party moves for and obtains amendment of this order by the court.

## B.    Discovery

1.    Discovery shall commence in time to be completed by **June 30, 2026**.

2.    Unless otherwise agreed by the parties or allowed by the court for good cause shown, discovery shall be limited as follows:

a. A maximum of twenty-five (25) interrogatories, inclusive of subparts, may be propounded by each party upon any other party;

b. A maximum of fifty (50) requests for admission may be propounded by each party upon any other party; and

c. A maximum of ten (10) depositions may be taken by each party. Each deposition shall be limited to seven (7) hours, exclusive of breaks.

3. Any objection to Interrogatories or Requests for Production shall be stated with particularity. Boilerplate objections, such as "overbroad," "irrelevant," "unduly burdensome," or "not reasonably calculated to identify admissible evidence" without a particularized basis, may be treated as a failure to answer, disclose, or respond pursuant to Rule 37(a)(4).

4. Expert witnesses:

a. Plaintiff's disclosure of any principal expert witnesses and submission of any reports thereof pursuant to Rule 26(a)(2) shall be due **March 2, 2026**.

b. Defendant's disclosure of any expert witnesses and submission of any reports pursuant to Rule 26(a)(2) shall be due **April 1, 2026**.

c. Plaintiff's disclosure of any expert witness intended to present evidence rebutting Defendant's experts shall be due **twenty-one (21) days** after service of Defendant's respective expert report and any

report thereof shall be due **thirty (30) days** after service of Defendant's respective expert report.

5.     Rule 26(e) supplementations shall be made promptly after receipt of the supplementary information by a party or its counsel in accordance with Fed. R. Civ. P. 26(e).

6.     Pursuant to Fed. R. Civ. P. 29, the parties need not seek court approval of any agreements modifying the procedures or deadlines for discovery, except that the parties must obtain court approval of any agreement that would interfere with the time set for completion of discovery, mediation, hearing of a motion, or for trial.

## C.    ESI

Unless otherwise agreed by the parties or ordered by the court, discoverable electronically stored information ("ESI") shall be produced, at the option of the producing party, in any reasonably usable image file format (i.e. PDF, JPEG, or TIFF) and/or read-only media, such as CD-ROM or thumb drive. Upon request, ESI shall be produced in its native format. Any such request shall identify with particularity the specific document(s) sought in native format.

## D.    Protective Orders

The parties shall confer and submit, as soon as reasonably practicable, any jointly proposed orders governing disclosure of confidential information. Any proposed protective order shall set forth (i) the basis for a finding of good cause for issuance of a protective order; and (ii) the procedure for filing under seal documents containing protected information in accordance with Section V.G. of the Electronic

Case Filing Administrative Policies & Procedures Manual, which is available on the court's website, at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf.

### E. Joinder or Amendment

Motions to join additional parties or to amend pleadings must be made within **fifteen (15) days** after service of the other party's initial disclosures. After this date, joinder or amendment may be made only with leave of court upon good cause shown in accordance with Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), the court considering, *inter alia*, any resulting delay.

### F. Dispositive Motions

All potentially dispositive motions shall be filed by **July 30, 2026**.

### G. Mediation

This action has been selected for mediation pursuant to the court's Alternative Dispute Resolution Rules, Local Civil Rules 101-101.3, E.D.N.C. Within **twenty-one (21) days** after entry of this Order, the parties shall file a statement identifying their selected mediator and complying with the other requirements of Local Civil Rule 101.lc(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators in accordance with Local Civil Rule 101.1c(b). The mediation shall be conducted by **June 15, 2026**.

### H. Trial Preparation

This action will be set for trial by separate order of United States District Judge Terrence W. Boyle. Pursuant to the August 20, 2002, Standing Order entered by Judge Boyle, the court reserves the right to schedule the case for trial as early as

4

thirty (30) days after the dispositive motion deadline. *See* 02-JP-1-BO, at http://www.nced.uscourts.gov/judges/boyle.aspx.

At least twenty-eight (28) days before the final pretrial conference, the parties shall provide to all other parties the pretrial disclosures required under Rule 26(a)(3). Any objections under Rule 26(a)(3) shall be served upon opposing parties at least twenty-one (21) days prior to the final pretrial conference. The parties shall submit to the court at least seven (7) days prior to the final pretrial conference a proposed final pretrial order as required by Local Civil Rule 16.1, E.D.N.C.

## I. Other Matters

On consent of all parties, and with the concurrence of the District Judge, this case may be referred to a Magistrate Judge for trial with a peremptory trial setting and the right of direct appeal to the Fourth Circuit. Should the parties desire to have this case heard by a Magistrate Judge, they should complete and file in CM/ECF a Consent and Reference to Magistrate Judge form. A copy of the form (AO 85) may be obtained from the clerk or downloaded at http://www.uscourts.gov/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge.

Additionally, on consent of all parties and with the concurrence of the District Judge, a Magistrate Judge of this court may be made available to enter a final order as to a particular dispositive motion without reference of the entire case to the Magistrate Judge. A copy of the form consenting to reference of a dispositive motion to a magistrate judge (AO 85A) may be obtained from the clerk or downloaded at

https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-dispositive-motion-magistrate-judge.

A party may withhold consent to magistrate judge jurisdiction without adverse substantive consequences.

The remaining provisions of the parties' discovery plan are ADOPTED as the court's order, unless inconsistent with the terms provided herein.

This 8th day of October 2025.

KIMBERLY A. SWANK
United States Magistrate Judge