IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-350-BO-KS

ALISA BLACK,                                          )
                                                     )
    Plaintiff,                                       )
                                                     )
    v.                                               )                **ORDER**
                                                     )
MICHAEL DAVID WATERS, in his                         )
individual and official capacity, as the             )
District Attorney of the Eleventh                    )
Prosecutorial District of North Carolina,            )
                                                     )
    Defendant.                                       )

This matter is before the court on Defendant's Consent Motion to Stay, filed May 28, 2026. On October 23, 2025, Defendant filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(1), (b)(2), and (b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. Dismiss [DE #18].) Following briefing, a hearing was held on Defendant's motion to dismiss (1/22/26 Minute Entry [DE #25]), and the matter remains pending before the court. In the motion presently before the court, Defendant requests "an order staying Rule 16 and Rule 26 proceedings, discovery and other pre-trial deadlines pending resolution of [Defendant's] Motion to Dismiss." (Def.'s Mot. Stay [DE #28] at 1.)

Rule 26(c) of the Federal Rules of Civil Procedure vests district courts with discretion to stay discovery pending resolution of dispositive motions. *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims

against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Id.*

To the extent Defendant seeks to stay the parties' Rule 26(f) conference, the entry of a scheduling order, or the parties' deadline for making initial disclosures pursuant to Rule 26(a)(1), that motion is denied as moot. The parties conducted their Rule 26(f) conference on October 1, 2025, and submitted their Rule 26(f) report on October 2, 2025. (Jt. Rule 26(f) Report [DE #15].) On October 8, 2025, a Scheduling Order was entered in this action establishing case management deadlines, many of which passed prior to the filing of Defendant's motion to stay. (Scheduling Order [DE #17].)

Having considered the procedural posture of the case and the grounds for dismissal raised by Defendant, the court finds good cause to stay further discovery. Accordingly, Defendant's Consent Motion to Stay [DE #28] is GRANTED IN PART and DENIED IN PART. Any unexpired case management deadlines set forth in the Scheduling Order entered October 2, 2025, are hereby STAYED pending the court's resolution of Defendant's motion to dismiss [DE #18]. If the motion to dismiss is denied in whole or in part, the parties shall, within ten (10) days thereafter, conduct a discovery conference and submit a joint report with proposed amended case management deadlines.

This 29th day of May 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

2